IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD VANCE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  06 C 6964 |
| v. ) | |
| ) | Wayne R. Andersen |
| DONALD RUMSFELD, et al., ) | District Judge |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION and ORDER

This case is before the Court on the motion of Defendant United States to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) a portion of this Court's Order and Memorandum Opinion and Order of July 29, 2009 (Docket Nos. 163, 164), denying the Defendant United States' motion to dismiss (Docket No. 120-2).  For the following reasons, the motion for certification is GRANTED.

### BACKGROUND

Plaintiffs, Donald Vance and Nathan Ertel, were two United States citizens working in Baghdad's "Red Zone" as civilian contractors for a privately-owned Iraqi security services company when they were allegedly detained by the United States military in April 2006. Following their detention, Plaintiffs filed this suit against Defendants Donald Rumsfeld, the United States and various Unidentified Agents.

Plaintiffs allege that "military personnel seized all of [their] personal property, " including "their personal laptops, Mr. Ertel's cell phone and Mr. Vance's digital and video

cameras…." See Plaintiffs' Second Amended Compliant 127. Seeking the return of their personal property, Plaintiffs included in their complaint a single count against the United States under the Administrative Procedures Act ("APA"). Id. 381-87. The United States filed a motion to dismiss Plaintiffs' APA claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) claiming the Plaintiffs' cause of action was precluded by 5 U.S.C. § 701(b)(1)(G), herein referred to as the "military authority exception". This Court denied the United States' motion to dismiss in an opinion issued on July 29, 2009. Vance v. Rumsfeld, No. 06-6964, 2009 WL 2252258 (N.D. Ill. July 29, 2009)("Vance I").

Subsequently, Defendant Rumsfeld, claiming qualified immunity, filed a motion to dismiss certain counts which this Court granted in part and denied in part in an opinion issued on March 5, 2010. Vance v. Rumsfeld, No. 06-6964, 2010 WL 850173 (N.D. Ill. Mar. 5, 2010). On March 19, 2010, Defendant Rumsfeld filed a notice of appeal and Defendant's appeal was docketed.

On April 9, 2010, Defendant United States filed the instant motion requesting this Court certify to the United States Court of Appeals for the Seventh Circuit an interlocutory appeal of the issues raised in its motion to dismiss. Specifically, Defendant United States seeks an order certifying the following question: "If the plain language of the military authority exception, which prohibits judicial review of 'military authority exercised in the field in time of war or in occupied territory,' 5 U.S.C. § 701(b)(1)(G), preserves the United States' sovereign immunity and thereby acts as a subject matter jurisdiction bar to an APA claim for return of property seized by the United States military in Iraq during wartime?" See United States' Motion To Certify Interlocutory Appeal, Docket No. 224.

## DISCUSSION

**I. Are there questions of law?**

The first statutory requirement for an interlocutory appeal pursuant to Section 1292(b) is that there must be a question of law. In Ahrenholz, the Seventh Circuit stated that a "question of law" for purposes of Section 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine...." 219 F.3d at 676. The court then stated that interlocutory appeals should be reserved for " 'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." Id. at 677.

As explained in this Court's opinion denying Defendant United States' motion to dismiss, this Court must conduct a factual inquiry to determine whether the military authority exception bars this Court's subject matter jurisdiction.  See Vance I, 2009 WL 2252258 at 4-5.  However, there is a dearth of case law defining the legal scope of the military authority exception as neither the Seventh Circuit nor the Supreme Court has addressed this issue.  Additionally, the relevant statutory language is equally ambiguous as to what factual inquiry must be conducted to determine this Court's subject matter jurisdiction with regards to Plaintiffs' APA claim.  Thus, there is a legal question as to the scope of the military authority exception.

**II. Are the issues controlling?**

Federal courts are courts of limited jurisdiction. See Hay v. Indiana State Bd. of Tax Comm'rs., 312 F.3d 876, 878 (7th Cir.2002). They may exercise jurisdiction only over matters authorized by the Constitution and by statute. See Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1316 (7th Cir.1997). If the procedural requirements of a statute under which a party seeks to invoke a federal court's jurisdiction are not satisfied, then the court logically does not have subject matter jurisdiction to consider the case.

Whether the military authority exception applies to Plaintiffs' APA claim raises a question of sovereign immunity and this Court's corresponding jurisdiction over Defendant United States. Because the APA claim is the only claim against the United States in this case, if the Seventh Circuit decides to accept this interlocutory appeal and concludes that this Court's jurisdictional ruling was incorrect, then United States would be dismissed as a party-defendant for lack of subject matter jurisdiction.

### III. Are there substantial grounds for a difference of opinion?

The third Section 1292(b) factor requires an analysis of whether the issues presented for certification are contestable, or, in other words, whether substantial grounds for a difference of opinion on the issues exist. The military authority exception prohibits judicial review of "military authority exercised in the field in time of war or in occupied territory." 5 U.S.C. § 701(b)(1)(G). As previously mentioned, case law is sparse concerning the scope of this exception. Thus, for example, there are substantial grounds for a difference of opinion as to what set of facts constitutes "in the field" or "time of war." Id. These differences of opinion are particularly acute when viewed in light of the on-going, changing nature of the U.S. military's involvement in Iraq.

### IV. Will an interlocutory appeal materially advance the litigation?

Pursuant to Section 1292(b), this Court should only certify an interlocutory appeal if the controlling legal issues "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). With regards to this case, if the Seventh Circuit reverses this Court's decision regarding subject matter jurisdiction, then the United States would be dismissed as a party-defendant for lack of subject matter jurisdiction, thereby terminating litigation with regards to one of the defendants in this case. If the Seventh Circuit does not reverse this Court's

decision, the Seventh Circuit can, by defining the scope of the exception, enable this Court and the parties to focus their factual inquiry much more efficiently.

Moreover, an interlocutory appeal by Defendant United States would allow the Seventh Circuit to address Defendant Rumsfeld's qualified immunity argument concurrently with Defendant United States' military authority exception argument. This is especially significant because Defendant Rumsfeld's special factors argument and the United States' military authority exception argument raise similar separation-of-powers concerns about the judiciary's well-established reluctance to interfere in military operations, national security, and foreign affairs.

**V. Is the motion to certify timely?**

The motion to certify this Court's order issued July 29, 2009 was timely as it was filed shortly after this Court issued its separate opinion granting in part and denying in part Defendant Rumsfeld's motion to dismiss. As previously discussed, this timely filing thereby allows the Seventh Circuit to address Defendant Rumsfeld's qualified immunity argument and Defendant United States' military authority exception argument in a single consolidated appeal.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is hereby granted. The following question meets the requirements of Section 1292(b): "If the plain language of the military authority exception, which prohibits judicial review of 'military authority exercised in the field in time of war or in occupied territory,' 5 U.S.C. § 701(b)(1)(G), preserves the United States' sovereign immunity and thereby acts as a subject matter jurisdiction bar to an APA claim for return of property seized by the United States military in Iraq during wartime?" See United States' Motion To Certify Interlocutory Appeal,

Docket No. 224. Therefore, this Court's order of July 29, 2009, Docket No. 163 and Docket No. 164, is certified to the Seventh Circuit Court of Appeals for interlocutory review.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:   May 26, 2010