IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD VANCE and NATHAN ERTEL,    )  No. 6 C 6964
                                  )
                 Plaintiffs,      )  Chicago, Illinois
                                  )  June 3, 2010
                                  )  9:00 o'clock a.m.
-vs-                              )
                                  )
                                  )
DONALD RUMSFELD, et al.,          )
                                  )
                 Defendants.      )

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE WAYNE R. ANDERSEN

APPEARANCES:

For the Plaintiff:     LOEVY & LOEVY
                       312 North May Street
                       Suite 100
                       Chicago, Illinois 60607
                       BY:  MS. GAYLE M. HORN

For the Defendant:     U.S. DEPARTMENT OF JUSTICE
                       1425 New York Avenue
                       Washington, D.C. 20005
                       BY:  MR. JAMES R. WHITMAN

Court Reporter:        ROSEMARY SCARPELLI
                       219 South Dearborn Street
                       Room 1412
                       Chicago, Illinois  60604
                       (312) 435-5815

1           THE CLERK:  6 C 6964, Vance versus Rumsfeld.

2           MR. WHITMAN:  Good morning, your Honor, James

3    Whitman on behalf of the United States.

4           THE COURT:  Hi.

5           MR. WHITMAN:  Hello.

6           THE COURT:  How are you?

7           MR. WHITMAN:  I am good.  How are you?

8           THE COURT:  I have a great life.

9           THE CLERK:  We are getting Gayle -- her name is

10   Gayle Horn on the phone.

11          THE COURT:  What is her name?

12          THE CLERK:  Gayle Horn.

13          Gayle?

14          MS. HORN:  Yes.

15          THE COURT:  Hi.  It is Judge Andersen.  We are here

16   in court.  And if opposing counsel could state his name too

17   so you know who is here, that would be helpful.

18          MR. WHITMAN:  James Whitman for the United States.

19          THE COURT:  Hi.  Where do we -- where do we -- I

20   have issued a variety of exciting rulings.

21          MR. WHITMAN:  You have, your Honor, but a couple

22   of -- well, we originally set this status conference at the

23   urging of Magistrate Judge Keys.  He -- we had -- well, we

24   were before him a couple weeks ago.  He thought it would be a

25   good idea if we got a status conference in front of you

1    because there were some discovery-related matters that he is
2    working on.  And at the time you had not yet ruled on our
3    motion for certification or the motion to stay, so he thought
4    it would be a good idea --
5              THE COURT:  Right.
6              MR. WHITMAN: -- to bring everybody up to speed on
7    what is going on.
8              But now that you have granted the United States'
9    motion for certification but denied the motion for stay, I
10   think we might have some different issues that we might want
11   to talk about.
12             THE COURT:  Well, he and I had a conversation, you
13   know, when I did that because I wanted to explain to him that
14   I felt that even though the 7th Circuit is normally not
15   warmly welcoming certifications that are somewhat
16   discretionary, since this case was going to be up there
17   anyhow and since I think there was a -- there really is a
18   legitimately and interesting legal issue as to how you define
19   a war zone for purposes of the Act, that it was worthwhile
20   getting their statement on that so that we know what
21   discovery might be appropriate.
22             But I also felt other discovery might well be
23   appropriate.  And, as you know, I -- as a citizen I feel a
24   sense of frustration about not having any information other
25   than the plaintiffs' assertion as to what really happened to

1    the plaintiffs and why.  And I feel Judge Keys knows this

2    case extremely well.  He has followed all the rulings.  So my

3    view is that he knows what is up on appeal.

4            I assume -- we will see if the 7th Circuit accepts

5    the certification.  I -- do you want to -- should we -- we

6    could even have a bet on it.  It is such a close call.  I --

7    I think -- I would say probably they will because it is such

8    an interesting question.  But anyhow.  But I think discovery

9    should go forward and that Judge Keys is in a great position

10   to decide what things should be discoverable and what

11   shouldn't.  And if you disagree with an order of his or there

12   is some particular sticking point, I told him you could

13   appeal.  Or if you are before him and you are disagreeing

14   about a particular item and you don't want to go through the

15   trouble of filing a formal appeal, you can call me -- I mean

16   he can call me and we can talk about it.

17           MR. WHITMAN:  I guess the --

18           MS. HORN:  That sounds -- that sounds fine, your

19   Honor.  And, you know, the discovery that was pending in

20   front of Judge Keys relate to the identity of the unknown

21   defendants which plaintiffs believe will be -- will not

22   impact nor be impacted by the United States' 1292(b)

23   position.

24           MR. WHITMAN:  The problem with that we have, your

25   Honor, is that if the United -- if the 7th Circuit accepts

1    the certification petition, then all the main defendants in

2    this case are going to be up on appeal and the District Court

3    won't have any jurisdiction over the United States and it

4    certainly wouldn't have jurisdiction to order discovery

5    against the United States and specifically with respect to

6    discovery on claims that are going to be directly affected by

7    defendant Rumsfeld's appeal which is currently up before the

8    7th Circuit.

9            So what I would like to pro -- what I would propose

10   is maybe a compromise, which is a stay of the proceedings,

11   including discovery, until the 7th Circuit rules on the

12   certification petition.  And just so your Honor is aware,

13   really the -- the compromise that this is, our certification

14   petition is due on Monday of next week.  Under the Federal

15   Rules of Appellate Procedure the plaintiffs have ten days to

16   respond to that and then that is it.  There is no reply as

17   far as I know.  I don't know how long the 7th Circuit will

18   take to rule on the certification petition, but it doesn't

19   seem like it is that long of a period of time.

20           THE COURT:  They -- my experience has been that

21   they are pretty -- they pretty expeditiously deal with those

22   things.  So --

23           MS. HORN:  Your Honor -- your Honor, could I just

24   comment on --

25           THE COURT:  Sure.

1    MS. HORN:  -- what the United States has said, and

2    only because I think it is a misrepresentation of the issue,

3    which is that a 1292(b) petition does not divest this Court

4    of all jurisdiction over the issues.  And I think in our

5    response to the defendant's motion to stay we cited a number

6    of cases that said where there are discovery issues that are

7    ancillary to the issue on appeal, even if the 7th Circuit

8    decides to take the interlocutory appeal, those discovery

9    issues can proceed while the appeal is pending.

10    And, you know, all we are trying to do and all we

11    have been trying to do for the past four years is identify

12    the unknown defendant.  And we have faced obstacle after

13    obstacle from the United States in doing that.  And I think

14    the problem with their compromise is that basically it is

15    just another delay tactic.  And what is going to end up

16    happening is the plaintiffs are going to run out of time in

17    their ability to identify these unknown defendants.

18    So I would just take issue both with the

19    representation about how the 1292(b) appeal works, as well as

20    the fact that these discovery issues can proceed while the

21    1292 petition makes its way to the 7th Circuit, regardless of

22    whether the 7th Circuit decides to take it or not.

23    MR. WHITMAN:  If I can respond to that, your Honor.

24    THE COURT:  Sure.  She spoke in stunningly complete

25    sentences.  Were you reading that?  Did you write this out

1   before?

2           MS. HORN:  No, I am not reading that.

3           THE COURT:  You are just really smart.

4           MS. HORN:  I am very passionate about it, Judge.

5           MR. WHITMAN:  Two main points I would like to make

6   to that, your Honor.  One is that there is a 7th Circuit

7   case, Goshtasby versus University of Illinois -- the first

8   name is G-O-S-H-T-A-S-B-Y -- 123 F.3d. 427.  It is a 7th

9   Circuit case in which there was an appeal on sovereign

10  immunity grounds and the district judge declined to postpone

11  discovery and other proceedings while the case was on appeal,

12  but a judge of this Court, the 7th Circuit, issued a stay

13  while the parties filed additional papers.  And then

14  ultimately a motions panel on the 7th Circuit decided that

15  the appeal -- "Because the appeal is not frivolous,

16  proceedings in the District Court are stayed until this

17  appeal has been resolved on the merits."

18          So the 7th Circuit has in very nearly identical

19  circumstances stayed proceedings in a District Court while an

20  appeal on sovereign immunity grounds is pending, which is

21  exactly what would happen if the 7th Circuit accepted the

22  United States' certification petition.

23          The other point I would like to respond to is the

24  idea that the plaintiffs are going to run out of time.  In

25  fact, according to plaintiffs' own representations in this

1    case, many, many times they have indicated that the Statute

2    of Limitations for their claims on which they are seeking

3    discovery now would be either one year, two years or

4    three years, at the outside most three years.  That Statute

5    of Limitations has long since past.  It would have been run

6    out in -- at the latest July of 2009.  So the only argument

7    now is whether the Statute of Limitations would be tolled.

8    So there is really no prejudice of plaintiffs in waiting for

9    the 7th Circuit to rule on the certification petition.

10            THE COURT:  Well, but -- but, actually, let me

11   respond to that too.  I mean not in an adversarial way.  But

12   even though technically legally you might be correct, the

13   fact is, of course, people move around and witnesses become

14   unavailable, particularly in a context where we are dealing

15   with potential parties and witnesses who were in Baghdad at

16   this very difficult time, many of whom, probably all of whom

17   don't even reside there.  So finding them around the world

18   gets to be very difficult.  Even if some of them were

19   employees of the United States, they may be former employees,

20   and finding out where they live and getting their addresses

21   and so on gets to be very, very difficult.

22            And I do have a lot of empathy with the plaintiffs'

23   attorney's position as -- with the issue of the United States

24   in the course of this litigation has chosen never to say what

25   you think actually happened.  If -- and I go back to my basic

1    point, if somebody made a mistake and these guys were

2    detained for a period that was too long or they were somehow

3    mistreated while they were detained, I would say make it

4    right.  But that has not been the posture.

5           And you -- you know, I am not being critical

6    legally.  I mean you have been -- the attorneys for the

7    United States have been very smart, although, as you know, I

8    think with the attorneys that are on the plaintiffs' side

9    here, you have run up against some really smart people too,

10   who now we know -- now after all these years she tells me she

11   is passionate about it besides.  So --

12           MR. WHITMAN:  I am passionate too, your Honor.

13           THE COURT:  I know.

14           So my feeling is -- Judge Keys and I actually

15   discussed these issues.  My feeling is that in -- in --

16   rather than decide this in theory, I am not going to stay it.

17   But if there is particular discovery that he thinks ought to

18   go forward that you don't, you can ask him not to.  If -- if

19   he authorizes it and you think it is inappropriate for some

20   reason, then, obviously, it can be appealed here.  If you

21   want to facilitate that by calling me or coming to my

22   chambers any time that I am here as soon as he rules rather

23   than spend weeks filing motions to appeal, that would be

24   fine.

25           I have -- I don't think I have done anything in

1    this case to try to add procedural burden to either party.

2    So we have had lots of phone conferences and ironically we

3    finally had one where the Chicago attorney --

4              MS. HORN:  I apologize for that, your Honor.

5              THE COURT:  Don't apologize.  Life has priorities

6    and you are attending to something more important.  So that

7    is my position.  Once again, my judgment may be fallible on

8    it.  I had a long talk with Judge Keys about it.  He is of

9    the same mind I am.  But maybe he will determine that

10   whatever issues they want on discovery are so close to the

11   issues on appeal that it shouldn't go forward, maybe he

12   won't.  Maybe he will decide there is some things that you

13   should at least schedule at this point in time.

14             But I do think that plaintiffs' argument that this

15   is a -- now, obviously, I sat on the -- Mr. Rumsfeld's motion

16   for a long time, all right, for a variety of reasons.  And so

17   I take some of the blame for that.  But I -- I am concerned

18   that the case is getting so old, if it turns out to be a

19   valid case, we will have imposed a terrific burden on the

20   plaintiff just through the passage of time.  So at this point

21   in time I am not willing to generally stay it.  Under -- but

22   I understand that I could be wrong.  And if you want to ask

23   the 7th Circuit to do that while you are up there, that is

24   fine.            I -- I will on the record ask them to accept

25   this certification because I think it would be helpful, if

1    there is -- if the case goes forward and there is discovery,

2    to know what information would be relevant to determining

3    what a war zone or field of battle is.

4         MR. WHITMAN:  And we certainly appreciate that,

5    your Honor.  And just for the record -- and this is more just

6    as a heads-up to opposing counsel, I suspect we will file a

7    request for a stay with the 7th Circuit.

8         THE COURT:  That is fine.  You know, obviously it

9    is your right.  But I don't -- it doesn't affect my feelings

10   about anybody involved.

11        MR. WHITMAN:  Right.

12        THE COURT:  Well, thank you for being here.  Now

13   are you going to go see Judge Keys while you are here?

14        MR. WHITMAN:  No, we don't have anything scheduled

15   before him today.

16        THE COURT:  What -- as long as you here, do you

17   want to do that?

18        MR. WHITMAN:  I don't know if opposing counsel

19   is --

20        MS. HORN:  I don't think we have -- what we have

21   pending in front of him right now is an order to -- a couple

22   of discovery issues, but they are briefed.  And I know one of

23   them he said he was going to rule by mail.

24        THE COURT:  Who --

25        MS. HORN:  And the other is just an order that we

1    asked him to enter.

2            THE COURT:  Who else in your office is working on

3    the case?

4            MS. HORN:  Mike and John and Russell, all of whom

5    are getting ready -- one of whom is in trial and the others

6    who are getting ready for trial.

7            THE COURT:  Okay.  As long as I am a judge, if --

8    if the United States decides it wants to try to settle the

9    case and I can be helpful, I -- I welcome that.

10           MR. WHITMAN:  That is appreciated, your Honor.

11           THE COURT:  So, hey, after I am a judge if people

12   want to have me mediate, this is one I would mediate for

13   free.

14           Thanks.

15           MR. WHITMAN:  Thank you very much, your Honor.

16           THE COURT:  Thank you for coming here.

17           MR. WHITMAN:  Sure.

18           MS. HORN:  Thank you, Judge.

19           THE COURT:  You are welcome.  Good luck.  Say hi to

20   everybody.

21           MS. HORN:  I will.  Thank you.

22        (Which were all the proceedings heard.)

23

24

25

1                        CERTIFICATE

2          I certify that the foregoing is a correct transcript

3     from the record of proceedings in the above-entitled matter.

4

5     s/Rosemary Scarpelli/          Date:  June 4, 2010

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25